UNITED STATES v. A. H. FISCHER
LUMBER CO.

SAME v. A. H. FISCHER CO., Inc.,
CHARLESTON, S. C.

Nos. 5602, 5603.

Circuit Court of Appeals, Fourth Circuit.
July 25, 1947.

Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C. (Ben Scott Whaley, U. S. Atty., of Charleston, S. C., on the brief), for appellant.

Charles W. Waring, of Charleston, S. C. (Waring & Brockinton, of Charleston, S. C. on the brief), for appellees.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER. Circuit Judge.

These are appeals from orders dismissing two action instituted by the Administrator of the Office of Price Administration to recover damages for violation of the Emergency Price Control Act of 1942, 50 U.S. C.A.Appendix, § 901 et seq., and obtain injunctive relief against the A. H. Fischer Company, a corporation created under the laws of South Carolina and doing business in the City of Charleston in that state. Summons in each case was served by the Marshal upon an official of the A. H. Fischer Company; and in each case that company entered a special appearance and moved to dismiss on the ground that it was not properly named in the summons and complaint. In the first action, which was commenced on October 22, 1946 and in which defendant was named as A. H. Fischer Lumber Company, the court refused plaintiff leave to amend so as to strike out the word "Lumber" and on December 19, 1946 sustained the motion to dismiss. In January 1947 plaintiff filed another action against defendant, under the name of A. H. Fischer Company, Inc. The court refused plaintiff leave to amend by striking out the "Inc." and entered an order dismissing the action. Appeals were taken from both orders of dismissal.

We think that the court committed error in both cases. The defendant was engaged in some branch of the lumber or woodworking business, there was no other corporation in the locality with a similar name, and nobody was misled in the first case by including the word "Lumber" in the corporate name of the defendant in the summons and complaint. Process was served upon one of defendant's officers; and when its attorney came into court with a special appearance, neither he nor anyone else had any doubt that the defendant was the corporation intended to be named as defendant. In the second case, the use of the word "Inc." was merely descriptive of the defendant as being a corporation. Without amendment the process in both cases adequately named the defendant and was sufficient to bring it into court. A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else. As said in 14 C.J. 325, "As a genral rule the misnomer of a corporation in a notice, summons, notice by publication, garnishment citation, writ of certiorari, or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled." See, also, 18 C.J.S., Corporations § 172.

The corporation had the right to be accurately named in the process and pleadings of the court; and misnomer was properly raised by motion to dismiss under the new practice in lieu of the old plea in abatement. When the motion was made. however, plaintiff, upon his request, should

have been permitted to amend. What was involved was, at most, a mere misnomer that injured no one, and there is no reason why it should not have been corrected by amendment. The case is not one, as the judge below apparently thought, of an amendment which would bring the defendant into the case for the first time and might prejudice its right to rely on the statute of limitations.* The defendant had unquestionably been brought into the case, and in the absence of the motion to dismiss, would have been bound without amendment by any judgment that might have been rendered therein. The office of the requested amendment would merely have been to name the defendant properly. Rule 4(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c provides:

"Amendment. At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

That amendments in furtherance of justice shall be freely allowed is the clear intendment of the rules, the provision of Rule 15(a) with regard to the amendment of pleadings being:

"Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.*" (Italics supplied).

This is but a codification of the modern rule recognized in practically every jurisdiction and well stated in 39 Am.Jur. 1002 as follows:

"Under modern practice, if the right party is before the court, although under a wrong name, an amendment to cure a misnomer of parties will be allowed. Under the practice statutes and rules of practice of the several states, where the proper party is before the court, although there under a wrong name, and, if the plaintiff, he is the party having the cause of action, and, if the defendant, he is the party the plaintiff intended to sue and did sue, and the court considers such defendant within its jurisdiction, an amendment of process and pleading will be allowed to change or correct the name of either plaintiff or defendant to cure the misnomer. Such amendments may be allowed notwithstanding the running of the statute of limitations between the time of commencing suit and the motion for amendment, provided there is no change in the cause of action originally stated. Such an amendment relates back to the institution of the original suit."

See also the comprehensive note in 124 A.L.R. 86 and cases there cited.

■■ It is true that the amendment of process and pleadings is a matter resting in the discretion of the District Court; but the discretion thus vested is a sound discretion to be exercised, not arbitrarily, but in accordance with accepted legal principles, and is subject to review on appeal if not so exercised. See In re Haskell, 7 Cir., 73 F.2d 879. It is clear, however, that the denial of amendment was based, in the first case, not on an exercise of discretion but on the erroneous view that the judge had no discretion to permit the amendment but was required to deny it as a matter of law. In denying it, he said: "The defect in erroneously naming the defendant is one that I think goes to the basis of the suit and cannot be cured by mere amendment but must be cured by instituting a new action if the plaintiff be so advised." This was a holding that there was no discretion to permit amendment and was erroneous as matter of law. In the second case, if the "Inc." be regarded as descriptive rather than nominative, as we think it should, no

---

* The judge relied upon Sweeney v. Greenwood Index-Journal Co., D.C., 37 F.Supp. 484; but that case is not binding authority and we do not regard it as according with the liberal rule of modern practise.

amendment was necessary; and it was error as matter of law to dismiss the case.

██ It is argued that appeal cannot be maintained from the first order of dismissal because of the action of plaintiff in instituting another suit on the same cause of action; but there is nothing in this point. It should be observed, in this connection, that the causes of action are not identical, and that the second action is less comprehensive than the first. In the first case, an injunction was asked with triple damages in an undetermined amount on account of transactions occurring between October 1, 1943 and May 31, 1946. In the second case, no injunction was asked but triple damages in the sum of $48,367.65 on account of transactions between February 1, 1946 and May 31, 1946. We know of no principle of law, however, which would deny to plaintiff the right to appeal from the dismissal of the first case merely because he had instituted another suit pending appeal to protect the rights of the public against the running of the statute of limitations if the appeal should not be successful. A subsequent action may, under some circumstances, be abated because of the pendency of a prior action in an appellate court (see 1 Am.Jur. 47-48); but certainly the institution of a subsequent action is no ground for dismissing an appeal in a prior one. No authority is cited which remotely sustains such a proposition and we know of none. The authorities cited as to abandonment of the right to appeal by acceptance of the provisions of an order sustaining a demurrer but permitting an amendment of pleading manifestly have no relevance.

██ The orders appealed from will be reversed in both cases and the cases will be remanded with direction to permit the plaintiff to amend the process and pleadings so as to describe correctly the defendant and with permission to plaintiff to dismiss whichever of the actions he desires to dismiss. Since the plaintiff can obtain in the first action all the relief that he asks in both, one or the other of the actions should be dismissed. In order that there may be no further unnecessary delay in this matter, the mandate will issue forthwith.

Reversed and remanded.