660 N.W.2d 73 (2003)
PIM, INC., Plaintiff-Appellee,
v.
STEINBICHLER OPTICAL TECHNOLOGIES USA, INC., Derek Milligan and Michael S. Burgess, Defendants-Appellants, and
B-M Intellectual Properties, Defendant.
Steinbichler Optical Technologies USA, Inc., Derek Milligan and Michael S. Burgess, Plaintiffs-Appellants,
v.
PIM, Inc., Defendant-Appellee, and
Venture Heavy Machinery, L.L.C., Deluxe Pattern Corporation and Larry Winget, Proposed Intervening Defendants.
Docket Nos. 120989, 120990, COA Nos. 220053, 222221.
Supreme Court of Michigan.
April 30, 2003.
On order of the Court, the application for leave to appeal from the September 4, 2001 decision of the Court of Appeals is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals. The trial court's order dismissing Oakland Circuit Court No. 99-014105-CK is REVERSED. The trial court's order denying the motion to intervene and granting summary disposition to the plaintiffs in Oakland Circuit Court No. 99-014097-CK is also REVERSED. The misnomer of a person or corporation in a written instrument will not defeat a recovery thereon if the identity sufficiently appears from the name employed in the writing *74 or is satisfactorily established by proof. St. Matthew's Evangelical Lutheran Church v. United States Fidelity & Guaranty Co., 222 Mich. 256, 192 N.W. 784 (1923). Here, the fact that P.I.M. Management Company was described in the contract as "PIM, Inc." is immaterial. It does not appear that any fraudulent intent was involved or that anyone was in any way deceived. Bil-Gel Company v. Thoma, 345 Mich. 698, 77 N.W.2d 89 (1956).
The matter is REMANDED to the Oakland Circuit Court for further proceedings consistent with this order.
We do not retain jurisdiction.