NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0233n.06

Case No. 16-2417

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Apr 21, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JEREMY HETTERSCHEIDT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ALERIS SPECIFICATION ALLOYS, INC., a | ) | MICHIGAN |
| foreign corporation, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

_____/

**Before: MERRITT, GILMAN, and DONALD, Circuit Judges.**

**MERRITT, Circuit Judge.** Under Michigan law, an employee's remedy against an employer for an injury occurring while on the job is exclusively provided by the Worker's Disability Compensation Act with one exception: a claim alleging an intentional tort. Mich. Comp. Laws § 418.131(1). The pertinent section of the Worker's Disability Compensation Act provides as follows:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort

shall be a question of law for the court. This subsection shall not enlarge or reduce rights under law.

Plaintiff Jeremy Hetterscheidt appeals the district court's grant of summary judgment to defendant Aleris Specification Alloys, Inc. in this personal-injury action arising from plaintiff's injury at his workplace. After defendant removed the case to federal court based on diversity jurisdiction, 28 U.S.C. § 1332(a), the district court granted summary judgment to defendant on the ground that the injury did not fall within the intentional-tort exception to the Worker's Disability Compensation Act, Mich. Comp. Laws § 418.131(1). We agree and affirm.

**I.**

Plaintiff Jeremy Hetterscheidt began working for defendant Aleris Specification Alloys, Inc., n/k/a Real Alloy Specification, Inc., a Delaware corporation headquartered in Cleveland, Ohio, on December 12, 2013. Plaintiff was hired as a full-time laborer through Elwood Staffing Services, a temporary employment agency. For purposes of the Worker's Disability Compensation Act, plaintiff was an employee of both Aleris and Elwood Staffing.

The Aleris plant where plaintiff worked recycles aluminum. Scrap metal and aluminum are brought into the upper level of the plant in bales or piles with forklifts or front loaders. The material is staged in an area on the upper level near the crushing machine, also called the "crusher." The upper level is approximately 12 feet above the lower level. When the bales or piles are being staged for crushing on the upper level, they are sometimes piled against a roughly four-foot high retaining wall. *See* Appellee's Br. at 7 (photo of bales stacked against retaining wall). Workers then feed the aluminum through the crusher on a conveyor belt. While the crushing machine is operating, scrap metal falls off the conveyor belt to the lower level. No one is allowed on the lower level underneath the crusher when it is operating. Scrap metal sometimes falls over the retaining wall when the machine is not running due to the staging or

moving around of the metal bales or piles on the upper level in preparation for the crusher. After each crusher run, while the machine is off, an employee sweeps the area beneath the crusher. Plaintiff swept the lower area underneath the crusher between one and six times per shift.

On March 5, 2014, plaintiff was working second shift. During this shift, he was sweeping and picking up debris between crusher runs, so the machine was not operating. While plaintiff was sweeping the lower area, a bale of aluminum siding, weighing approximately 1,160 pounds, went over the upper wall and fell 12 feet to the area below where plaintiff was working. The bale hit and injured him, and he was buried beneath scrap metal because the bale came apart. Plaintiff was wearing all of the required equipment when he was injured, including steel-toed boots and a hard hat. Plaintiff did not see the aluminum bale roll over the upper wall and has no personal knowledge of how the bale fell over the wall. The forklift operator testified that he was stacking one bale on top of another on the upper level to make room for other material when the bale slipped off the forklift and went over the retaining wall. Plaintiff received worker's compensation benefits after his injury and, as of the date of his deposition, plaintiff has received all of the worker's compensation benefits from the State of Michigan for which he has applied.

Plaintiff filed his complaint in federal court based on diversity jurisdiction. Defendant moved for summary judgment, and the district court granted the motion, finding that plaintiff's claim did not meet the high threshold necessary to show that the injury fell within the intentional-tort exception to the Worker's Disability Compensation Act. *Hetterscheidt v. Aleris Spec. Alloys, Inc.*, No. 1:15-cv-18, 2016 WL 7638153 (W.D. Mich. Sept. 6, 2016). This appeal followed. For the following reasons, we affirm the judgment of the district court.

## II.

The objective of Michigan's workers' compensation laws is to promote prompt and sure compensation for workplace injuries regardless of fault. In exchange for this benefit, Michigan eliminated civil suits in tort for such injuries, with the very limited exception of intentional torts. To ensure that this exception would be applied very narrowly, the Michigan legislature defined "intentional tort" in this context to exist "only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge." Mich. Comp. Laws § 418.131(1). Plaintiff attempts to fit his tort claim within this narrow exception to Michigan's law.

An injured employee may establish the specific intent to injure in one of two ways: (1) by demonstrating that the employer "made a conscious choice to injure an employee and ha[s] deliberately acted or failed to act in furtherance of that intent," *Palazzola v. Karmazin Prods. Corp.*, 565 N.W.2d 868, 873 (Mich. Ct. App. 1997), or (2) by circumstantial evidence showing that "the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge," Mich. Comp. Laws § 418.131(1); *see also Travis v. Dreis & Krump Mfg. Co.*, 551 N.W.2d 132, 138 (Mich. 1996). As plaintiff does not allege that his employer made a "conscious choice" to injure him, the issue before us is whether plaintiff can prove that defendant had an intent to injure by establishing that (1) the employer had actual knowledge (2) that an injury was certain to occur (3) yet disregarded that knowledge. *Bagby v. Detroit Edison Co.*, 865 N.W.2d 59, 62-63 (Mich. Ct. App. 2014) (citing *Travis*, 551 N.W.2d at 143-44).

The standard for establishing that an injury is "certain to occur" is "extremely high," and requires the plaintiff to show that "*no doubt* exists with regard to whether [an injury] will occur," *Travis,* 551 N.W.2d at 143 (emphasis added), and that the employer's knowledge encompasses the harm that indeed occurred. An employer's knowledge of general risks is insufficient to establish an intentional tort. *See Oaks v. Twin City Foods, Inc.,* 497 N.W.2d 196, 197 (Mich. Ct. App. 1992) ("[I]t is not enough that the employer acted recklessly and even envisioned the type of accident that did in fact occur."). Dangerous conditions may form the basis of an intentional-tort claim under the Act only if the injury is "sure and inevitable." *Alexander v. Demmer Corp.,* 660 N.W.2d 67 (Mich. 2003). Consequently, "the laws of probability . . . play no part in determining the certainty of injury." *Travis*, 551 N.W.2d at 143. Additionally, whether a similar incident has occurred in the past is not dispositive. *Id.* "An employer's awareness of a dangerous condition, or knowledge that an accident is likely, does not constitute actual knowledge that an injury is certain to occur." *Bagby*, 865 N.W.2d at 62.

The undisputed evidence is that items routinely fell over the wall to the area below, but this does not mean that injury was certain to occur.[1] While it may be true that injury is likely to occur if heavy items fall over the wall when someone is in the area below, there was nothing to inform defendant that an injury was "certain" to occur. The evidence demonstrates only that defendant was aware of a potentially dangerous condition—it was not aware that injury was certain to occur.

Reliance on statements or other evidence that an injury was just "a matter of time" is misplaced. Plaintiff himself testified at his deposition that he did not think he would be injured,

---

[1] Plaintiff contends that the district court disregarded the evidence that material came over the wall even when the crusher was not in operation. But the district court specifically pointed to plaintiff's evidence about material falling over the wall between crusher runs. 2017 WL 7638153, at *4 ("The accident here was unrelated to such falling metal debris and did not occur during a crusher run as in the instances cited by Plaintiff, but instead involved an aluminum bale being moved with a forklift.").

negating any certainty: "Honestly, *I never thought it would ever happen*, the bale like that. . . . [s]tuff came over all the time *but you never know*." Hetterscheidt Dep. at 58 (emphasis added). Plaintiff concedes in these words that while the accident might have been probable, it was not preordained. The evidence reflects that the area beneath the wall was indeed dangerous and that under the laws of probability someone might eventually get hurt. But these types of dangerous conditions fall well short of establishing a condition that is certain to cause injury.

**III.**

Plaintiff alternatively relies on the principle that a "continuously operative dangerous condition" may form the basis for a claim under the Act's intentional-tort exception. The Michigan Supreme Court has observed that "[a] continuously operative dangerous condition may form the basis of a claim under the intentional tort exception *only if the employer knows the condition will cause an injury and refrains from informing the employee about it*." *Giles v. Ameritech*, 660 N.W.2d 72, 73 (Mich. 2003) (emphasis added) (citing *Travis*, 551 N.W.2d at 145); *Alexander*, 660 N.W.2d at 67; *Upsher v. Grosse Pointe Pub. Sch. Sys.*, 285 F.3d 448, 455-56 (6th Cir. 2002) (holding that the Worker's Disability Compensation Act's intentional-tort exception did not apply where plaintiffs suffered injury after being instructed to remove carpet under which there was asbestos because the plaintiffs had shown only that the defendants knew of the general dangers of asbestos and did not provide proper training or safety equipment). The key is that the employee is left in the dark about the danger he will encounter and is therefore "unable to take steps to keep from being injured." *Travis*, 551 N.W.2d at 145.

But in this case, there was no need for defendant to notify plaintiff of the dangerous condition or the nature of the danger because plaintiff testified that he and others brought the danger to defendant's attention on more than one occasion. *See, e.g.*, Hetterscheidt Dep. at 62.

Plaintiff was clearly aware of the danger and the potential for severe injury. When heavy metal objects are being moved 12 feet overhead with only a four-foot high wall as a barrier, the potential for serious harm to plaintiff was obvious. The record is clear that plaintiff's situation is distinguishable from the hypothetical employee described in *Travis* who is unaware of the danger and unable to take steps to protect himself. Therefore, even if plaintiff was required to confront a "continuously operative dangerous condition," the fact that plaintiff was aware of it precludes application of the intentional-tort exception to the Act. As a result, plaintiff cannot invoke the continuously operative dangerous-condition doctrine to establish that defendant committed an intentional tort.

Viewing this evidence in the light most favorable to plaintiff, we conclude that the district court did not err in granting summary judgment on the ground that there is no genuine dispute regarding the inapplicability of the intentional-tort exception to the Worker's Disability Compensation Act.

Accordingly, the judgment of the district court is affirmed.