RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0320p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

HOLTEC INTERNATIONAL CORPORATION and HOLTEC
DECOMMISSIONING INTERNATIONAL, LLC, Delaware
corporations,

           *Plaintiffs-Appellants*,

     *v.*

MICHIGAN STATE UTILITY WORKERS COUNCIL
(MSUWC),

           *Defendant-Appellee*.

No. 25-1469

─────────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:24-cv-00685—Robert J. Jonker, District Judge.

Decided and Filed: November 24, 2025

Before: MOORE, THAPAR, and RITZ, Circuit Judges.

─────────────────

**COUNSEL**

**ON BRIEF:** Aaron D. Lindstrom, BARNES & THORNBURG LLP, Grand Rapids, Michigan,
for Appellants. George H. Kruszewski, WATKINS, PAWLICK, CALATI & PRIFTI, PC,
Madison Heights, Michigan, for Appellee.

     MOORE, J., delivered the opinion of the court in which RITZ, J. concurred, and
THAPAR, J., concurred in all but Part II.D.

———————————

**OPINION**

———————————

KAREN NELSON MOORE, Circuit Judge.    Holtec Decommissioning International, LLC ("HDI") and the Michigan State Utility Workers Council ("the Union") were parties to a collective bargaining agreement.  That agreement provided for arbitration of Union members' grievances.  So, when one member disagreed with HDI about his discharge, the Union demanded arbitration on his behalf.  Though the demand mistakenly named HDI's parent company, Holtec International Corporation ("Holtec International") (collectively with HDI "Holtec" or "Appellants"), with whom there was no agreement, HDI appeared through counsel and participated in the arbitration—that is, until an award was issued in favor of the Union.  HDI did not comply with the award, and Holtec filed suit in federal district court seeking vacatur on the ground that the award's caption mistakenly named Holtec International.  The district court declined to vacate the award.

This appeal thus turns on a single question:  where an arbitration demand and the case's caption misname the party against whom an award is meant to be entered, but there is no ambiguity as to the real identity of that party, may a federal district court enforce that award?  Because it may, we **AFFIRM** the judgment below.

**I.  BACKGROUND**

The Palisades Nuclear Power Plant sits on Lake Michigan's eastern shore about five miles from South Haven, Michigan.  *Palisades Nuclear Plant*, U.S. Nuclear Regul. Comm'n, https://www.nrc.gov/info-finder/reactors/pali (last accessed October 23, 2025).  Palisades commenced operations over forty years ago, but in 2018 its then-owner Entergy decided to shut the plant down.  R. 1-1 (Award at 4) (Page ID #25).  HDI, a subsidiary of Holtec International, took over the plant and the decommissioning process in 2022.  R. 21 (Holtec Summ. J. Br. at 3) (Page ID #727).[1]  The Union represented Palisades's employees at all relevant times.  R. 15

———————————

[1]The Union agreed to Holtec's statement of facts absent two express reservations not relevant here.  R. 26 (Union Summ. J. Opp. at 1) (Page ID #817).

(Counterclaim Ans. ¶ 2) (Page ID #271).  When HDI took over operations at Palisades, it entered into a memorandum of agreement with the Union, assuming the pre-existing collective bargaining agreement ("the CBA") between Entergy and the Union and retaining a number of Entergy's Palisades employees.  R. 21 (Holtec Summ. J. Br. at 3–4) (Page ID #727–28).  The CBA, in turn, provides that HDI and the Union may submit unresolved grievances to binding arbitration.  *Id.* at 4 (Page ID #728).

James Charles, an HDI employee and Union member, left day-to-day employment at Palisades in September 2022 due to a nonoccupational medical condition.  R. 21 (Holtec Summ. J. Br. at 6) (Page ID #730).  He remained employed with HDI while on short-term disability, but HDI terminated him after he was approved for long-term disability in March 2023.  *Id.* at 6–7 (Page ID #730–31).  The Union filed a grievance against Holtec on Charles's behalf claiming that the CBA required HDI to retain Charles as an employee (thus allowing him to accrue seniority) and provide benefits for two years.  R. 1-1 (Award at 2–3) (Page ID #24–25).

Unable to resolve the dispute, the Union filed an arbitration demand that mistakenly listed HDI's corporate parent, Holtec International, as the respondent.  R. 18-4 (Arb. Demand at 2) (Page ID #383).  Notwithstanding this error, counsel for Holtec participated in the arbitration, and the parties identified the issues as involving "the Company, HDI."  R. 1-1 (Award at 2–3) (Page ID #24–25).  At a January 2024 hearing, Holtec's counsel told the arbitrator that he was appearing on behalf of HDI, not Holtec International.  R. 18-1 (Arb. Tr. at 5) (Page ID #300).  Counsel on both sides agreed that the matter was "procedurally properly before" the arbitrator "for a decision on the merits," and that there were "no timeliness or procedural questions which would preclude a decision."  R. 18-1 (Arb. Tr. at 5–6) (Page ID #300–01).  The parties' post-hearing briefs also consistently identified HDI as Charles's employer.  *See* R. 18-2 (HDI Arb. Br.) (Page ID #345–69); R. 18-3 (Union Arb. Br.) (Page ID #370–81).

The arbitrator issued his award in April 2024, finding in favor of the Union and ordering that Charles "be immediately restored to employment status," and provided benefits for two years.  R. 1-1 (Award at 16) (Page ID #38).  Consistent with the mistake in the Union's arbitration demand, the award's caption identified Holtec International as the respondent employer.  *Id.* at 1 (Page ID #23).  The award's text, however, consistently referred to HDI in its

recital of the facts and the issues presented.  *Id.* at 2–4 (Page ID #24–26).  Elsewhere, the award simply referred to "the Employer."  *See generally id.* (Page ID #27–39).  The arbitrator retained jurisdiction over the matter for 90 days "for the purpose of addressing any issues that arise between the parties solely regarding the implementation of, or interpretation of, the remedies as awarded."  *Id.* at 17 (Page ID #39).

HDI did not implement the award.  *See* R. 24-11 (Kruszewski Decl. Ex. J) (Page ID #789–90); R. 24-12 (Kruszewski Decl. Ex. K) (Page ID #791–92).  Holtec instead filed this action under the Labor Management Relations Act, 29 U.S.C. § 185, seeking to vacate the award on the ground that it was improperly issued against Holtec International and thus invalid.  R. 1 (Compl. ¶¶ 65–86) (Page ID #15–19).  The Union answered and filed a counterclaim seeking confirmation.  R. 13 (Answer & Counterclaim at 32–33) (Page ID #263–64).

After summary-judgment briefing on both Holtec's claims and the Union's counterclaim, the district court issued a decision in the Union's favor.  R. 32 (Op.) (Page ID #867–76).  While noting that the Union's "mistake" in its arbitration demand "resulted in an erroneous case caption that carried through the remainder of the proceedings," the district court found that "the record is replete with evidence that HDI—not Holtec International—engaged in and intended to be bound by the proceedings."  *Id.* at 6 (Page ID #872).  The incorrect caption, the district court determined, was at most a procedural defect to which Holtec had waived any objection.  *Id.* at 6–7 (Page ID #872–73).  The district court accordingly declined to vacate the award and instead granted summary judgment to the Union on its counterclaim.  *Id.* at 10 (Page ID #876).

Holtec timely appealed the district court's judgment, invoking this court's jurisdiction under 28 U.S.C. § 1291.  R. 47 (Notice of Appeal) (Page ID #912).

## II.  ANALYSIS

### A.  Standard of Review

When considering a district court's decision confirming an arbitration award, we review factual findings for clear error and questions of law—such as the decision to grant summary

judgment—de novo. *Int'l Bhd. of Teamsters, Local 519 v. United Parcel Serv., Inc.*, 335 F.3d 497, 503 (6th Cir. 2003).

## B.  Interpreted as a Whole, the Award Binds HDI

To describe this case is nearly to decide it.  There is no dispute that the Union and HDI were parties to a CBA that provided for binding arbitration of grievances.  R. 21 (Holtec Summ. J. Br. at 3–4) (Page ID #727–28).  The Union presented Charles's grievance to an arbitrator, and HDI participated without objection.  *See generally* R. 1-1 (Award) (Page ID #23–39).  The parties set forth their competing views as to how the CBA applied to Charles's situation.  *Id.* at 7–16 (Page ID #29–38).  After considering those arguments, the arbitrator decided in favor of the Union.  *Id.* at 16–17 (Page ID #38–39).  And HDI raised no procedural objection either before or after the arbitrator issued the award.  Accordingly, says the Union, confirmation of the award as against HDI is appropriate.  *See* D. 22 (Appellee's Br. at 8).

In response, Holtec homes in on the award's caption.  *See* D. 18 (Appellants' Br. at 12–13).  Because the caption of the award lists "Holtec International" as the "Employer," Holtec claims that the award was in fact issued against that entity.  And because no agreement existed between the Union and Holtec International, such an award would fall outside the arbitrator's authority under the CBA.  *See id.* at 30 ("[T]he award could not be confirmed because . . . it was issued against Holtec International."); Federal Arbitration Act § 10, 9 U.S.C. § 10(a)(4) (allowing for vacatur where "arbitrators exceed their powers").[2]

We agree with the district court that the award can be interpreted to have issued only against HDI, as opposed to Holtec International.  In construing an arbitral award, we examine the award and opinion as a whole and attempt to ascertain their unambiguous meaning.  *M & C Corp. v. Erwin Behr GmbH & Co.*, 143 F.3d 1033, 1038 (6th Cir. 1998) ("[I]f [an] arbitrator's opinion and award, read together, are not ambiguous, the award should be enforced."); *see also Island Creek Coal Sales Co. v. City of Gainesville*, 764 F.2d 437, 440 (6th Cir. 1985).  Read in its entirety, the award here can be understood only to require action by HDI, not Holtec

---

[2]Although the Federal Arbitration Act does not directly apply to cases arising from collective bargaining agreements, "federal courts have looked to it for guidance in labor cases." *Teamsters, Local 519*, 335 F.3d at 503 n.2.

International. Its recitation of facts names HDI ten times as the relevant employer. R. 1-1 (Award at 3–4) (Page ID #25–26). The "issues presented" each involve whether "the Company, HDI breach[ed] the Parties' agreements." *Id.* at 2–3 (Page ID #24–25). And the award quotes as "relevant contract language" the terms of the CBA between HDI and the Union. *Id.* at 4–6 (Page ID #26–28). All Holtec has is the fact that the caption identifies Holtec International as the respondent. *Id.* at 1 (Page ID #23). This might be of note if anything in the body of the decision also suggested that the arbitrator meant to exceed his authority by issuing an award against Holtec International. But "read in conjunction with the arbitrator's opinion," there is no question as to which company is actually subject to the award. *Pace Loc. Union 1967 v. Champion Int'l Corp.*, 8 F. App'x 404, 407 (6th Cir. 2001). It strains credulity to suggest that the award was in fact meant to run against Holtec International, which was not Charles's employer, did not terminate him, did not appear in the arbitration, and was not a party to the CBA.

The context surrounding the award only strengthens this interpretation. The mention of Holtec International in the award's caption is not, as Holtec argues, a "defined term" that the arbitrator deliberately chose as an expression of the award's intent. *See* D. 18 (Appellants' Br. at 12, 17). Rather, all evidence points to the conclusion that the caption is simply a carryover from the arbitration demand, which pervaded the proceedings. *See* R. 18-4 (Arb. Demand at 2) (Page ID #383); R. 18-1 (Arb. Tr. at 1) (Page ID #296); R. 18-3 (Union Arb. Br. at 1) (Page ID #370). Whenever it mattered as to substance, the parties correctly identified HDI. *See* R. 18-1 (Arb. Tr. at 5) (Page ID #300); R. 18-2 (HDI Arb. Br.) (Page ID #345–69); R. 18-3 (Union Arb. Br.) (Page ID #370–81). Holtec's own conduct confirms all this. Its attorneys appeared in the arbitration and identified themselves as representing HDI in the controversy. R. 18-1 (Arb. Tr. at 5) (Page ID #300). HDI (and Holtec International, for that matter) necessarily knew about any error in the arbitration demand, but "agree[d] that the matter [was] procedurally properly before [the arbitrator] for a decision on the merits" and that there were "no . . . procedural questions which would preclude a decision." *Id.* at 5–6 (Page ID #300–01). Holtec's after-the-fact suggestion that the proceeding was in fact against Holtec International falls well short of the mark.

**C. Holtec Waived Any Jurisdictional Objections by Failing to Raise Them Before the Arbitrator**

To the extent that the caption—as adapted from the arbitration demand—does amount to a defect in the proceedings, Holtec waived any objection to it. Only *after* the arbitrator rendered an adverse decision did HDI cry foul. We "strongly discourage[]" this sort of sandbagging, where a party sits on its hands throughout litigation only to raise procedural objections after an unfavorable decision on the merits. *Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC*, 974 F.3d 767, 788 (6th Cir. 2020); *see also Stern v. Marshall*, 564 U.S. 462, 482 (2011) ("[T]he consequences of a litigant sandbagging the court—remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor—can be particularly severe.") (citation modified). As in other contexts, sandbagging undermines the parties' interest in finality and results "in an inefficient use of judicial resources." *Thomas v. Arn*, 474 U.S. 140, 148 (1985).

It is accordingly "well settled that defects in proceedings prior to or during arbitration may be waived by a party's acquiescence in the arbitration with knowledge of the defect." *Order of Ry. Conductors and Brakemen v. Clinchfield R.R. Co.*, 407 F.2d 985, 988 (6th Cir. 1969); *see also Barrick Enters., Inc. v. Crescent Petroleum, Inc.*, 496 F. App'x 614, 618–19 (6th Cir. 2012) (per curiam) (declining to vacate arbitration award where opposing party was aware of and failed to object to ex parte communications between witness and arbitrator). This applies just as much to an "objection to the jurisdiction of the arbitrator[]" as to any other procedural objection. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 846 (6th Cir. 2003). While we have not burdened parties to an arbitration with a duty to "present to the arbitrator all foreseeable restrictions on his authority," an objection is waived whenever there is "actual notice" of the relief the arbitrator might award. *Armco Emps. Indep. Fed'n, Inc. v. AK Steel Corp.*, 149 F. App'x 347, 352 (6th Cir. 2005). Here, Holtec was on notice of any defect in the proceedings from the outset because the Union's arbitration demand named "Holtec International" as the respondent. 18-4 (Arb. Demand at 2) (Page ID #383). It could, therefore, have raised any jurisdictional objections immediately. But HDI chose instead to appear and arbitrate, expressly acknowledging that the matter was "procedurally properly before" the

arbitrator "for a decision on the merits." R. 18-1 (Arb. Tr. at 5–6) (Page ID #300–01).[3] Even assuming (against all the evidence) that Holtec first became aware of the defect when it received the award, it did not avail itself of the 90 days available to raise any such issues. *See* R. 1-1 (Award at 17) (Page ID #39). Put simply, if Holtec "believed that the [arbitrator] lacked the authority to decide [the claim], then [it] should have said so—and said so promptly." *Stern*, 564 U.S. at 482.

**D. Any Defect in the Arbitration Demand Is a Curable Misnomer**

Holtec devotes much of its briefing to its argument that the doctrine of misnomer, which the district court invoked in its opinion, does not apply here. D. 18 (Appellants' Br. at 34–45); R. 32 (Op. at 5–6) (Page ID #871–72). We disagree, and join the district court in holding that it supports enforcement of the arbitration award against HDI. Under that longstanding contract-law principle, "[t]he misnomer of a person or corporation in a written instrument will not defeat a recovery thereon if the identity sufficiently appears from the name employed in the writing or is satisfactorily established by proof." *PIM, Inc. v. Steinbichler Optical Techs. USA, Inc.*, 660 N.W.2d 73, 73–74 (Mich. 2003) (citing *St. Matthew's Evangelical Lutheran Church v. United States Fid. & Guar. Co.*, 192 N.W. 784 (Mich. 1923)). As described above, the "proof" here all supports the conclusion that everyone involved in the arbitration, including Holtec, understood that an award would bind both HDI and the Union.

These principles apply equally in judicial proceedings. For example, a misnomer in a summons "may be disregarded where the defendant has not been prejudiced or misled as when the party intended to be served knows, or has good reason to know, that he or she has been proceeded against or when an imprecisely designated defendant is fully apprised of the fact and nature of the action against it." 62B Am. Jur. 2d *Process* § 70 (2025) (footnotes omitted); *see also United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873–74 (4th Cir. 1947) (setting aside defect where "every intelligent person understands who is meant" by named party); *Tremps v. Ascot Oils, Inc.*, 561 F.2d 41, 44 (7th Cir. 1977). Here, the arbitration demand was "served

---

[3]The American Arbitration Association's Labor Arbitration Rules, applicable here, *require* that such an objection be filed "no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection." Am. Arb. Ass'n, Lab. Arb. R. 3(c) (May 13, 2013).

upon one of [HDI's] officers; and when its attorney [appeared before the arbitrator], neither he nor anyone else had any doubt that [HDI] was the corporation intended to be named." *A.H. Fischer*, 162 F.2d at 873. That is, there are no "facts indicating that identifying the [respondent] as [Holtec International] created any reasonable doubt or confusion about who it was that [the Union] intended to sue." *Conner-Cooley v. AIG Life Brokerage*, 282 F.R.D. 431, 435 (E.D. Wis. 2012).

Courts have readily extended this logic to encompass the same sort of errors in the arbitration context. *See Cigna Ins. Co. v. Huddleston*, 986 F.2d 1418, 1993 WL 58742, at *12 (5th Cir. Feb. 16, 1993) (table); *Salzgitter Mannesmann Int'l (USA) Inc. v. Esmark, Inc.*, Case No. 3:22-cv-30, 2023 WL 5916566, at *18–19 (S.D. Tex. Sep. 11, 2023). In *Cigna*, the Fifth Circuit confronted a similar claim arising from an arbitration award's caption identifying "CIGNA Property and Casualty Company" when it should have named "CIGNA Insurance Company." 1993 WL 58742, at *12. While granting that "the arbitration award technically identifie[d] the wrong party," the court held that "this technical defect does not render the district court's confirmation of the arbitration award erroneous" because "everyone involved in the action . . . knew of and could identify the entity being sued." *Id.* (citations omitted); *see also Esmark*, 2023 WL 5916566, at *18 (rejecting attempt to vacate award with erroneous caption where movant "cannot offer a conceivable explanation for why the arbitrators would intentionally render a judgment against [the wrong] entity"). We see no reason to depart from these principles. HDI's behavior unambiguously confirms that it fully understood the nature of the Union's arbitration demand and that it would be governed by the arbitrator's award. HDI's inability to demonstrate prejudice means that we need not countenance its post-hoc effort to transform the arbitration from a "serious effort on the part of adult human beings to administer justice" into a "children's game." *A.H. Fischer*, 162 F.2d at 873.[4]

---

[4]Holtec protests at length the fact that the Union did not specifically raise the concept of misnomer in its briefing before the district court, and argues that the district court's use of the concept thus violated the party-presentation principle. D. 18 (Appellants' Br. at 45–50). The party-presentation principle applies to "issues," and typically precludes "addressing an issue that neither party raised." *In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, 143 F.4th 718, 725–26 (6th Cir. 2025). Holtec's argument here applies the principle at too fine-grained a level of generality that would prohibit a court's invocation of legal concepts or cases not cited in a party's brief. Here, the Union properly placed before the district court the *issue* of whether the arbitration and award should be understood to have been against HDI. The district court's invocation of misnomer principles was simply part of its

**E. The District Court Did Not Modify the Award**

Holtec's response is to place the shoe on the other foot. It argues that the award must be vacated because the Union failed to file a timely motion to amend or correct the award and that the district court *sua sponte* modified the award. D. 18 (Appellants' Br. at 22–45). This just begs the question, as a modification would be necessary only if the award was not issued against HDI. Holtec's claim on that point rests on the slenderest of reeds: the argument that we must look only at the caption in the arbitration demand and the award, ignoring the full context and HDI's repeated "acquiescence in the arbitration with knowledge of the defect." *Clinchfield*, 407 F.2d at 988. Because we agree with the district court that the award was issued against HDI, there was no need for the Union to seek its modification. *See Island Creek*, 764 F.2d at 440–41 (holding that where court only "required [party] to do specifically that which was inherently required of it" by the award, "it is not clear that the district court either corrected or modified the [award] in any respect"); *Pace Loc. Union 1967*, 8 F. App'x at 407 (rejecting argument that interpreting a contested award "would amount to a modification").

### III. CONCLUSION

HDI responded to the Union's arbitration demand, participated in the arbitration, and did not object to the erroneous case caption. When asked whether it saw any procedural defects in the proceeding, HDI raised none. Instead, after it received an adverse ruling, it waited until the last moment to file an action seeking to vacate the award. But the award itself, not to mention HDI's litigation behavior, unambiguously demonstrates that the award was issued against HDI. "We will not consider [HDI's] claim to the contrary, now that [it] is sad." *Stern*, 564 U.S. at 482.

We accordingly **AFFIRM** the district court's judgment.

---

good-faith effort to act as a "neutral arbiter" in deciding the issues presented by the parties. *Id.* at 725 (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)).