660 N.W.2d 72 (2003)
Patricia GILES, Plaintiff-Appellee,
v.
AMERITECH, a Joint Venture Between Michigan Bell Telephone Company, a Michigan Corporation, Ameritech Publishing, Inc., a Delaware Corporation, Ameritech Mobile Communications, INC., a Delaware Corporation, Ameritech New Media, Inc., a Delaware Corporation, and Ameritech Corporation, Inc., a Delaware Corporation, and Curt Simmons, Defendants-Appellants, and
R. Barnes and Company, Inc., Defendant.
Docket No. 122354, COA No. 231672.
Supreme Court of Michigan.
April 30, 2003.
On order of the Court, the application for leave to appeal from the July 12, 2002 *73 decision of the Court of Appeals is considered, and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we REVERSE the order of the Court of Appeals. In order to recover under the intentional tort exception to the exclusive remedy rule of the Workers' Disability Compensation Act, M.C.L. § 418.131(1), which requires that the employer must have "specifically intended an injury," a plaintiff must show that her employer had "actual knowledge" that an injury was "certain to occur" and "wilfully disregarded" that knowledge. See also Travis v. Dreis & Krump Mfg. Co., 453 Mich. 149, 173 179, 551 N.W.2d 132 (Boyle, J.) (1996); Palazzola v. Karmazin Products, 223 Mich.App. 141, 148-150, 565 N.W.2d 868 (1997). An incident "certain to occur" cannot be established by reliance on the laws of probability, the mere occurrence of a similar event, or conclusory statements of experts. Travis, supra, at 174-175, 551 N.W.2d 132; Palazzola, supra, at 149-150, 565 N.W.2d 868. Rather, it must be sure and inevitable. Travis, supra at 174, 551 N.W.2d 132. A continuously operative dangerous condition may form the basis of a claim under the intentional tort exception only if the employer knows the condition will cause an injury and refrains from informing the employee about it. Id. at 178, 551 N.W.2d 132.
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., would deny leave to appeal.