*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARGARET BARNOWSKI,

       Claimant-Appellant,

v

CLEARY UNIVERSITY and UNEMPLOYMENT
INSURANCE AGENCY,

       Appellees.

UNPUBLISHED
July 30, 2020

No. 344917
Livingston Circuit Court
LC No. 17-000079-AE

Before: GADOLA, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

Claimant appeals as on leave granted[1] the trial court's order concluding that the decisions of both the administrative law judge (ALJ) and the Michigan Compensation Appellate Commission (MCAC) denying redetermination of claimant's unemployment benefits were supported by substantial evidence. The ALJ concluded that claimant filed a late protest and did not establish good cause for the late filing and the MCAC affirmed. We affirm.

## I. BACKGROUND

On August, 2015, claimant resigned from her part-time student job at Cleary University to accept full-time work at Advanced Medical Solutions (Advanced Medical). On September 7, 2016, she was fired from her job at Advanced Medical. Claimant filed a single claim with the Michigan Unemployment Insurance Agency (UIA) seeking unemployment benefits from Cleary University. On September 27, 2016, the UIA sent her a response denying her claim, which listed Cleary University as the "Involved Employer" and listed the case number as 0-007-952-308. The notice informed claimant that she quit her job with Cleary University without good cause and that she was "disqualified for benefits under MES Act, Sec 29(1)(a)." The form also instructed in bold type font: "**If you have any questions, call the UIA at 1-866-500-0017**." On September 29, 2016, claimant received another notice from the UIA, which listed Advanced Medical as the "Involved

---

[1] *Barnowski v Cleary University*, 504 Mich 893 (2019).

Employer" and listed the case number as 0-007-952-307. The notice stated that claimant was fired from Advanced Medical, but evidence had not been provided to establish misconduct, so claimant was "not disqualified for benefits under MES Act, Sec. 29(1)(b)." The form also instructed that if claimant had any questions, she could contact the UIA. Claimant testified that she interpreted this letter as superseding the denial that she received on September 27, 2016. Believing that she was now qualified for benefits for her claim against Cleary University, claimant did not take further action. Claimant eventually realized her error and filed a request for redetermination of her claim on May 16, 2017. On May 31, 2017, the UIA denied claimant's request as not having been filed within the 30-day period provided by statute.

Claimant appealed the UIA's denial of redetermination and on July 27, 2017, ALJ Jeffrey Kemm affirmed the UIA's decision, concluding that claimant did not establish good cause for filing her protest late. Claimant appealed the ALJ's decision to the MCAC, arguing that she had good cause for reopening her case because she had a good-faith misunderstanding of the appeals process, and the MCAC affirmed the ALJ's decision. On November 16, 2017, claimant filed a claim of appeal in the Livingston County Circuit Court, and the circuit court affirmed the MCAC's decision, concluding that substantial evidence supported the conclusion that claimant failed to demonstrate good cause for filing an untimely request for redetermination. Claimant filed an application for leave to appeal in this Court, which we originally denied for lack of merit in the grounds presented. Claimant filed an application for leave to appeal in the Michigan Supreme Court, which remanded the case to this Court for consideration as on leave granted. *Barnowski v Cleary University*, 504 Mich 893 (2019).

## II. ANALYSIS

Claimant argues that the circuit court erred by concluding that the ALJ's decision was supported by substantial evidence. Claimant contends that she had good cause for her late appeal in light of the unreasonableness of the UIA's notice because it was foreseeably confusing to a layperson. We disagree.

Our review is limited to determining whether the circuit court "applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Boyd v Civil Serv Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996). This standard "is indistinguishable from the clearly erroneous standard of review. . . ." *Id.* "[A] finding is clearly erroneous when, on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made." *Id.* at 235. The Michigan Employment Security Act (MESA), MCL 421.1 *et seq.*, provides that a circuit court

> may review questions of fact and law on the record made before the administrative law judge and the Michigan compensation appellate commission . . . but the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record. [MCL 421.38(1).]

We review de novo the circuit court's application of legal principles in reviewing an administrative decision, including matters of statutory interpretation. *Mericka v Dep't of Community Health*, 283 Mich App 29, 36; 770 NW2d 24 (2009).

An agency determination is final unless an interested party appeals the determination within 30 calendar days of the determination's mail date. MCL 421.32a(1). MCL 421.32a(2) provides that the agency shall review an appeal filed after the 30-day period only if "good cause" exists to permit the late protest. The MESA does not define "good cause." However, Michigan Administrative Rule 270(1) provides a nonexhaustive list of circumstances that constitute "good cause" for late appeals, including "[i]f an interested party fails to receive a reasonable and timely notice, order or decision." Mich Admin Code, R 421.270(1)(e). Claimant argues that she had good cause for filing a late appeal because the UIA failed to provide her with reasonable notice. Therefore, for her claim to succeed, this Court must conclude that the notice provided to claimant was not reasonable to inform her of its decision.

Although this Court's primary task in interpreting a statute "is to discern and give effect to the intent of the Legislature," *City of Coldwater v Consumers Energy Co*, 500 Mich 158, 168; 895 NW2d 154 (2017), we strive for "reasonable construction of all legal texts" and decline to engage in judicial rewrites of statutory provisions to accommodate liberal constructions of statutes, *McQueer v Perfect Fence Co*, 502 Mich 276, 293 n 29; 917 NW2d 584 (2018). Claimant urges this Court to adopt the position that a notice is only reasonable if a layperson without legal knowledge or representation would not have difficulty understanding its content and consequences. She argues that this is the only interpretation that would be consistent with the MESA's statutory directive of assisting those who become "unemployed through no fault of their own." MCL 421.2(1). However, this interpretation essentially asks us to engage in a judicial rewrite of statutory and administrative good-cause provisions, which we decline to do. Due-process requirements already guarantee " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Sidun v Wayne Co Treasurer*, 481 Mich 503, 509; 751 NW2d 453 (2008), quoting *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950). Therefore, further judicial construction of what constitutes "reasonable" notice regarding unemployment claims is unnecessary.

Claimant has not shown good cause for her late appeal because the UIA's notices were not objectively unreasonable or predictably confusing. Claimant argues that the notice was unreasonable because she received two contradictory notices within two days when she had submitted only one claim. However, the notices were not contradictory and had unique characteristics. The notices clearly listed different case numbers and discussed different statutory provisions. Even if claimant overlooked the nuances of these identifiers, the body of each message clearly indicated that the notices pertained to different employers. Even though claimant submitted only one claim, the second notice was clearly unrelated to that claim and did not mention Cleary University. The notices did not require advanced legal interpretation to understand, and to the extent that the messages confused claimant, the UIA provided a phone number that claimant could call if she had questions. Therefore, claimant has not demonstrated good cause for her late appeal because the UIA's notices were not unreasonable.

Affirmed.

/s/ Michael F. Gadola
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens