*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PROQUEST, LLC,

        Petitioner-Appellant,

v

TOWNSHIP OF YPSILANTI,

        Respondent-Appellee.

UNPUBLISHED
November 30, 2023

No. 362977
Tax Tribunal
LC No. 22-001726-TT

Before: GLEICHER, C.J., and SWARTZLE and YATES, JJ.

PER CURIAM.

Petitioner owns real property that it claims qualified for an Eligible Manufacturing Personal Property (EMPP) tax-exemption. To claim that tax-exemption, petitioner attempted to file State Tax Commission Form 5278 with respondent. Respondent did not receive the form, and respondent assessed the property's taxable-value without any exemption. The Tax Tribunal upheld respondent's assessment because the exemption form was not delivered. We affirm.

Under MCL 211.9m(2)(c), petitioner was required to "deliver" the requisite documentation to respondent by February 20, 2022. Petitioner completed Form 5278, and sent it in the mail via the United States Postal Service on February 19, 2022. Petitioner did not follow the tracking number on its mail, and it did not follow up with respondent to determine if the form had been delivered. On March 29, 2022, petitioner received its Form 5278 in the mail with a notice that it was being "returned for postage." Petitioner contacted respondent's assessor, and the assessor informed petitioner that the property's taxable-value had already been assessed without an exemption. Further, respondent's assessor asserted that it did not have the authority to make any change to the assessment because the March Board of Review had already adjourned, and the July and December sessions for the Board of Review did not have the authority to grant an exemption. Petitioner did not submit the form to respondent, and petitioner did not make any appeal to the Board of Review.

Instead, petitioner filed its petition for the EMPP tax-exemption with the Tax Tribunal, and it argued that the Tax Tribunal should order respondent to accept the form as timely delivered because the form was timely mailed. Respondent replied that the Tax Tribunal did not have

jurisdiction to hear the matter because the application for the exemption was never delivered and, thus, never denied. The Tax Tribunal dismissed petitioner's claim without a hearing:

> The Tribunal has considered the Motion and the file in the above-captioned case and finds that it has no authority over Petitioner's appeal. Actual delivery, not proof of mailing, of STC Form 5278 upon the township is required. In the present case, the mailing was returned to Petitioner for insufficient postage, and thus the requirement of actual delivery was not met. As it relates to the filing of the current petition by the May 31, 2022, statutory filing deadline, this fact is irrelevant because Petitioner failed to comply with the statutory prerequisites of MCL 211.9m(2)(c) and MCL 211.9n(2)(c). Finally, as it relates to Petitioner's equitable arguments, the Tribunal has no equitable powers to waive or otherwise disregard statutory requirements or filing deadlines that would allow them to consider such issues.

Petitioner now appeals.

This Court is limited in its review of a Tax Tribunal's decision. *Campbell v Dep't of Treasury*, 509 Mich 230, 237; 984 NW2d 13 (2022). Unless there is a claim of fraud, this Court reviews Tax Tribunal decisions to determine whether that tribunal misapplied the law or adopted a wrong legal principle. *Wilson v City of Grand Rapids*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 358657); slip op. at 3. This Court will not disturb the tribunal's factual findings so long as they are supported by competent, material, and substantial evidence on the whole record. *Id*. Additionally, this Court reviews de novo issues of statutory interpretation, *Briggs Tax Serv, LLC v Detroit Pub Schs*, 485 Mich 69, 75; 780 NW2d 753 (2010), as well as issues of subject-matter jurisdiction, *Wells Fargo Rail Corp v Dep't of Treasury*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 359399); slip op at 2.

Petitioner first argues that it timely filed Form 5278 under MCL 211.9m(2)(c) because the form was postmarked before the deadline. The relevant part of MCL 211.9m(2)(c) reads as follows:

> The combined document prescribed in this section *must be completed and delivered to the assessor* of the township or city in which the qualified new personal property is located by February 20 of each year for any year the exemption is claimed before 2023 and the first year the exemption is claimed in a year after 2022. However, if February 20 of a year is a Saturday, Sunday, or legal holiday, the delivery deadline for that year is the next day that is not a Saturday, Sunday, or legal holiday. *For purposes of a combined document delivered by the United States Postal Service, the delivery is timely if the postmark date is on or before the delivery deadline prescribed in this subdivision.* If the combined document prescribed in this section is not timely delivered to the assessor of the township or city, a late application may be filed directly with the March Board of Review before its final adjournment by submitting the combined document prescribed in this section. The board of review shall not accept a filing after adjournment of its March meeting. An appeal of a denial by the March Board of Review may be made by filing a petition with the Michigan tax tribunal within 35 days of the denial notice. [Emphasis added.]

"When interpreting a statute, we must ascertain the Legislature's intent," which is accomplished "by giving the words selected by the Legislature their plain and ordinary meanings, and by enforcing the statute as written." *Griffin v Griffin*, 323 Mich App 110, 120; 916 NW2d 292 (2018) (cleaned up). If a statute is unambiguous, it must be applied as written. *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 971 NW2d 584 (2018). "[U]nless the Legislature indicates otherwise, when it repeatedly uses the same phrase in a statute, that phrase should be given the same meaning throughout the statute." *Robinson v Lansing*, 486 Mich 1, 18; 782 NW2d 171 (2010).

There is no dispute that Form 5278 is the required "combined document" for the purposes of MCL 211.9m(2)(c), nor is there any dispute that petitioner completed Form 5278 and mailed it via the United States Postal Service on February 19, 2022. Petitioner's form, however, was never delivered by the United States Postal Service to respondent's assessor. Instead, the form was returned to petitioner. The plain language of MCL 211.9m(2)(c) allows for forms to be accepted after the deadline if it was *delivered by* the United States Postal Service with a postmark date on or before the deadline. Simply put, even though petitioner postmarked the form before the deadline, it was never delivered to the assessor by the United States Postal Service.

Petitioner argues that "delivered by the United States Postal Service" means that the taxpayer must timely deliver the exemption request to the United States Postal Service for mailing. Our Legislature did not provide a definition of the term "delivered," and petitioner offers examples of the definition of "delivery" that it finds persuasive. Petitioner ignores, however, that the entire phrase of MCL 211.9m(2)(c) is that the form must be "delivered *by* the United States Postal Service." (Emphasis added). Petitioner's interpretation misconstrues the plain language of the statute when read as a whole, which indicates that the form must be delivered to the assessor by the United States Postal Service since our Legislature consistently used the term "delivered" in the context of having the form "delivered to the assessor." MCL 211.9m(2)(c).

The United States Postal Service did not deliver the form to the assessor and, thus, petitioner's application for the exemption was not timely submitted. Respondent was not presented with the opportunity to make a final decision on petitioner's application for the exemption, and, accordingly, the Tax Tribunal held that it did not have jurisdiction to hear petitioner's claim because there was no final decision on petitioner's application. MCL 205.731(a).

Petitioner argues that the Tax Tribunal had jurisdiction under MCL 205.735a(6) because it was disputing an assessment. Petitioner ignores, however, that "the assessment must be protested before the board of review before the tribunal acquires jurisdiction of the dispute under subsection (6)." MCL 205.735a(3). An exception to this statute is provided under MCL 205.735a(4)(b), but it requires that the taxpayer filed a statement of assessable property before the Board of Review commences. Even though petitioner did not timely file a form with respondent, it could have filed "a late application directly with the March board of review before its final adjournment," MCL 211.9m(2)(c), and the Tax Tribunal would have had jurisdiction over that decision. Had petitioner been more diligent by using the Postal Service's package-tracking system, petitioner could have identified the problem earlier and filed a late application before the board adjourned. Instead,

petitioner did not commence any action before the Board of Review, it did not timely submit an application to respondent, and, consequently, the Tax Tribunal was without jurisdiction.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle
/s/ Christopher P. Yates